Filed:  August 11, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 96-1458
(CA-96-500-S)

Maria Jimena Ibarra,

Plaintiff - Appellant,

versus

United States of America, et al,

Defendants - Appellees.

O R D E R

The Court amends its opinion filed July 30, 1997, as follows:

On page 7, first full paragraph, line 3 -- the word "court" is added between "district" and "is divested."

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARIA JIMENA IBARRA,
Plaintiff-Appellant,

v.

No. 96-1458

UNITED STATES OF AMERICA;
UNKNOWN GOVERNMENT OFFICERS,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-96-500-S)

Argued: January 28, 1997

Decided: July 30, 1997

Before WILKINSON, Chief Judge, MICHAEL, Circuit Judge,
and HILTON, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Hilton wrote the opinion, in
which Chief Judge Wilkinson and Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Fred Parker Bingham, II, Miami Beach, Florida, for
Appellant. Richard Charles Kay, Assistant United States Attorney,
Baltimore, Maryland, for Appellees. **ON BRIEF:** Peter S. Herrick,
Miami, Florida, for Appellant. Lynne A. Battaglia, United States
Attorney, Baltimore, Maryland, for Appellees.

**OPINION**

HILTON, District Judge:

This case comes before the Court on plaintiff-appellant's appeal of the district court's order dismissing her case for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. For the reasons that follow, we affirm.

I.

On June 7, 1994 plaintiff-appellant Maria Jimena Ibarra ("Ibarra") was stopped by agents of the Drug Enforcement Administration ("DEA") in Baltimore-Washington Airport while en route to Miami. The agents were accompanied by a drug-sniffing dog which detected trace amounts of narcotics on the $153,279.00 in currency that Ibarra was carrying. After interrogating her through the use of a Spanish language interpreter, the agents seized the currency on the basis that it was used in or acquired as the result of a drug-related offense. No drugs or drug paraphernalia were discovered on Ibarra and she was never charged with a crime in connection with her possession of the currency.

An administrative forfeiture action[1] was initiated by the DEA on June 27, 1994. Ibarra was served with a copy of the notice of the seizure and forfeiture in conformity with 19 U.S.C.A. § 1607(a)[2] and 21 C.F.R. § 1316.75 on July 2, 1994. The notice included information regarding how and when to file a claim to contest the forfeiture and how and when to file a petition to request remission or mitigation of the forfeiture. After receiving the notice, Ibarra sent several letters to the DEA concerning the forfeiture. She filed a "petition for relief" with the DEA on October 28, 1994. Her petition included a claim of ownership and declaration in support of her request to proceed <u>in</u>

_____

[1] The currency is forfeitable pursuant to 21 U.S.C.A. § 881(a)(6) (West 1996).

[2] Subsection 881(d) of Title 21 provides that the customs laws, 19 U.S.C.A. §§ 1602-1618, are applicable to the seizure and forfeiture of property pursuant to that subsection.

2

forma pauperis.**3** The DEA denied the petition on March 22, 1995. Ibarra requested reconsideration of the denial on May 4, 1995. On May 24, 1995 the DEA acknowledged receipt of the petition for reconsideration and advised that it may take up to 120 days to review the petition. As of the date of oral argument, Ibarra's request for reconsideration was still pending before the DEA.

While she was pursuing an administrative claim with the DEA, Ibarra filed a motion for return of seized property pursuant to Rule 41(e), Fed. R. Crim. P., in the United States District Court for the Southern District of Florida. The court denied her motion on March 13, 1995. On February 20, 1996, Ibarra commenced this action in the United States District Court for the District of Maryland seeking the return of her property. Her complaint alleged that the DEA lacked probable cause for the seizure and forfeiture; the DEA unlawfully failed to refer her case to the United States Attorney for the institution of judicial forfeiture proceedings; the DEA violated her due process rights by unconstitutionally delaying the return of her property; and the DEA violated her due process rights by providing her an English language notice of the seizure. The Government responded by moving to dismiss the complaint for lack of subject matter jurisdiction. Specifically, the Government argued that Ibarra failed to exhaust the administrative remedies for recovering her seized property. On April 13, 1996, the district court granted the Government's motion to dismiss for lack of subject matter jurisdiction and also found that plaintiff had failed to state a claim upon which relief could be granted.

II.

We review de novo the district court's dismissal of the complaint. Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994); Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), cert. denied sub nom., Schatz v. Weinberg and Green, 503 U.S. 936 (1992). Regarding dismissal under Rule 12(b)(6), we accept the well-pled allegations of the complaint as true, and we construe the facts and reasonable inferences

_____

**3** The DEA appears to have considered Ibarra's untimely filing to contest the forfeiture as a petition for remission or mitigation, even though when considered as such, her petition was untimely under 21 C.F.R. § 1316.80(a) (West 1996).

3

derived therefrom in the light most favorable to the plaintiff. <u>Little v. Federal Bureau of Investigation</u>, 1 F.3d 255, 256 (4th Cir.1993).

District courts clearly have original jurisdiction of any challenge to a seizure pursuant to federal law not within admiralty and maritime jurisdiction, except matters within the jurisdiction of the Court of International Trade under 28 U.S.C.A. § 1582. 28 U.S.C.A. § 1356. Additionally, district courts have original jurisdiction of any subsequent forfeiture. 28 U.S.C.A. § 1355. However, the Customs Laws of the United States, 19 U.S.C.A. §§ 1602-1618, limit the jurisdiction of the district courts over forfeitures to certain categories of property. The relevant category in the instant case is $500,000 or less in United States currency. 19 U.S.C.A. § 1607(a)(4).

The Customs Laws also set forth procedures for the institution and maintenance of administrative forfeiture proceedings. To commence administrative forfeiture proceedings, the seizing agency must publish notice of the seizure and its intent to forfeit the property once a week for at least three consecutive weeks in a newspaper in general circulation in the district in which the forfeiture proceeding is initiated. 19 U.S.C.A. § 1607(a); 21 C.F.R. § 1316.75. The seizing agency must also give personal written notice of the seizure and information on the applicable procedures to any party who appears to have an interest in the seized property. <u>Id</u>. An individual claiming an interest in seized property that is subject to forfeiture has two options. First, at any time within twenty days of the date of the first publication of the notice of seizure, he may file a claim stating his interest in the seized property and file a cost bond in the amount specified in the statute or request a waiver of the bond requirement to proceed <u>in forma pauperis</u>. 19 U.S.C.A. § 1608; 21 C.F.R. § 1316.76. Once the seizing agency commences forfeiture proceedings pursuant to 19 U.S.C.A. § 1607, the seizing agency divests the district court of jurisdiction of the forfeiture proceedings and the court remains without jurisdiction unless an interested party timely files a claim and cost bond pursuant to 19 U.S.C.A. § 1608. By timely filing a claim and cost bond or request to proceed <u>in forma pauperis</u>, a claimant effectively halts the administrative proceedings by compelling the seizing agency to refer the matter to the United States Attorney for the district in which the seizure occurred for the institution of judicial forfeiture proceedings. 19 U.S.C.A. § 1608; 21 C.F.R. § 1316.76. If a claimant fails to file

4

timely, the DEA shall declare the property forfeited and such declaration shall have the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in the district court. 19 U.S.C.A. § 1609(a), (b); 21 C.F.R. § 1316.77(a). A declaration of forfeiture results in title to the property vesting in the United States free and clear of any liens or encumbrances. Linarez v. United States Dep't of Justice, 2 F.3d 208, 210 (7th Cir. 1993), reh'g denied, 1993 U.S. App. LEXIS 22563 (7th Cir. 1993) (citing 19 U.S.C.A. § 1609(b) and 21 C.F.R. § 1316.77). Thus, failing to claim timely one's interest in the seized property results in the administrative forfeiture process continuing without judicial intervention.**4**

Second, a claimant may elect to file a petition for remission or mitigation of the forfeiture. 19 U.S.C.A. § 1618; 21 C.F.R. § 1316.79. A petition for remission or mitigation "does not serve to contest the forfeiture, but rather is a request for an executive pardon of the property based on the petitioner's innocence . . . ." United States v. Vega, 72 F.3d 507, 514 (7th Cir. 1995) (quoting United States v. Ruth, 65 F.3d 599, 604 n.2 (7th Cir. 1995)), cert denied., 116 S. Ct. 2529 (1996). Indeed, "under remission/mitigation procedures, forfeitability is presumed and the petitioner seeks relief from forfeiture on fairness grounds." United States v. German, 76 F.3d 315 (10th Cir. 1996) (quoting Orallo v. United States, 887 F. Supp. 1367, 1370 (D. Haw. 1995)). To be considered seasonably filed, a petition for remission or mitigation should be filed within thirty days of the receipt of the notice of seizure. 21 C.F.R. § 1316.80. If a petition is not received

---

**4** A number of circuits have noted that once the administrative forfeiture is completed, district courts retain jurisdiction to review the forfeiture to determine compliance with due process or procedural requirements. See United States v. Schinnell, 80 F.3d 1064, 1069 (5th Cir. 1996); United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995); United States v. Clagett, 3 F.3d 1355, 1356-57 (9th Cir. 1993); United States v. Woodall, 12 F.3d 791, 793 (8th Cir. 1993); Linarez v. United States Dep't of Justice, 2 F.3d 208, 213 (7th Cir. 1993); Frazee v. Internal Revenue Service, 847 F.2d 448, 449-50 (10th Cir. 1991); Onwubiko v. United States, 969 F.2d 1392, 1398-99 (2d Cir. 1992). However, since the administrative proceeding is still pending, the district court's jurisdiction to review due process and procedural aspects of the forfeiture is not implicated in the instant case.

5

within thirty days of the notice of the seizure, the property will either be placed in official service or sold as soon as it is forfeited. Id.

Other courts have held that by initiating administrative forfeiture proceedings pursuant to 19 U.S.C.A. § 1607, the seizing agency divests the district court of jurisdiction over the forfeiture proceedings. For example, in Linarez, supra, state law enforcement officers seized currency from plaintiff on the basis that it had been used or acquired to facilitate a drug-related offense. Plaintiff was never charged with a crime but the currency was transferred to the DEA for the institution of federal forfeiture proceedings. Plaintiff received the statutorily mandated notice of seizure and forfeiture proceedings as well as instructions on administrative procedures for contesting the seizure and forfeiture and filing a petition for remission or mitigation. Despite having received proper notice, plaintiff failed to contest the seizure or forfeiture administratively. Subsequently, plaintiff filed a complaint in district court seeking the return of his property and challenging the seizure and forfeiture. The court dismissed the complaint for lack of subject matter jurisdiction. On appeal, the Seventh Circuit affirmed. The court noted that plaintiff could have challenged the seizure and forfeiture in the administrative proceeding or timely filed a claim and cost bond to compel the DEA to institute judicial forfeiture proceedings. As a result of plaintiff's failure to avail himself of these options, the district court remained without jurisdiction. See also United States v. One Jeep Wrangler, 972 F.2d 472, 479 (2d Cir. 1992) (once the administrative proceeding had begun, the district court loses subject matter jurisdiction to adjudicate claims regarding the seizure); United States v. Price, 914 F.2d 1507, 1511 (D.C. Cir. 1990) (after the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the district court has no jurisdiction to resolve claims for the return of seized property); United States v. Hernandez, 911 F.2d 981, 983 (5th Cir. 1990) (affirming dismissal for lack of subject matter jurisdiction because due process claims regarding the seizure are properly litigated during the forfeiture proceeding); United States v. Castro, 883 F.2d 1018, 1019-20 (11th Cir. 1989) (adopting district court's ruling that the district court was without jurisdiction to consider Rule 41(e) motion for return of property following civil forfeiture proceeding); United States v. $83,310.78 in United States Currency, 851 F.2d 1231, 1235 (9th Cir. 1988) (when civil forfeiture proceeding is pend-

6

ing, claimant may not seek equitable remedy in district court); In re Harper, 835 F.2d 1273, 1274-75 (8th Cir. 1988) (legality of seizure should be tested in forfeiture proceeding); Matthews v. United States, 917 F. Supp. 1090, 1097-1101 (E.D. Va. 1996) (district court is divested of jurisdiction to consider Rule 41(e) petitions for return of property where agency initiates forfeiture proceedings pursuant to 19 U.S.C.A. § 1607).

Based on the clear mandate of the statutory scheme, we conclude, as have other circuits facing the issue, that once the Government initiates forfeiture proceedings, the district court is divested of jurisdiction. The court remains without jurisdiction during the pendency of the proceeding unless the claimant timely files a claim and cost bond or request to proceed in forma pauperis.

III.

Ibarra elected to participate in the administrative forfeiture proceeding. Her petition for reconsideration was pending when this action was commenced. As a result, she must await the outcome of the administrative process that she has invoked. For these reasons, it is clear that Ibarra failed to state a claim upon which relief can be granted and the district court did not have jurisdiction to consider her claims.

AFFIRMED