UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-2613

PEARL B. MATTHEWS,
Defendant-Appellant.

Appeal from the United States District Court for the
Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CA-95-137-5-CV-BO)

Submitted: October 10, 1997

Decided: November 18, 1997

Before HALL and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen Alan Woodson, LAND LOSS PREVENTION PROJECT,
Ahoskie, North Carolina, for Appellant. Janice McKenzie Cole,
United States Attorney, G. Norman Acker III, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pearl B. Matthews defaulted on a Farmers Home Administration ("FHA") loan, and the government filed its complaint seeking judgment and foreclosure of the real property securing the loan. The district court granted the government's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), and entered judgment against Matthews. Matthew appeals, contending that she was unduly influenced by Marshall Woodall, the closing attorney, and that FHA breached a fiduciary duty owed to her. Finding that Matthews can prove no facts sufficient to support her affirmative defenses, we affirm.

I.

In evaluating the propriety of a Rule 12(c) dismissal, we take the facts in the light most favorable to the nonmoving party--Matthews. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). Matthews' husband suffered from chronic renal failure and was under a doctor's care when he applied for an FHA loan, which FHA approved on November 30, 1978. Matthews' husband underwent surgery related to his illness on December 21, 1978.

Woodall, the closing attorney, who had represented Matthews and her husband in other matters, and another FHA representative met with Matthews' husband at the hospital after his surgery to close the FHA loan. Woodall took the papers to Matthews, who was under a great deal of stress because of her husband's illness, and told her to sign them without explaining their legal effect. Matthews signed the documents even though she did not know her husband had applied for the FHA loan. On April 17, 1979, Matthews' husband died of renal failure. Matthews continued to make payments on the FHA loan for twelve years before she defaulted. The government accelerated the loan on October 30, 1991.

The court granted the government's motion for judgment on the pleadings, finding that the government was entitled to accelerate the loan and foreclose on the property after Matthews' default and rejecting Matthews' affirmative defenses of breach of fiduciary duty and undue influence. This appeal followed.

II.

We review de novo the district court's order granting judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). See Gustafson v. Jones, 117 F.3d 1015, 1017 (7th Cir. 1997) (stating standard of review). Taking the nonmoving party's allegations as true, dismissal is inappropriate unless it appears beyond doubt that the nonmoving party can prove no facts sufficient to support her claim for relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

On appeal, Matthews first claims that Woodall acted as an agent for FHA because he traveled to the hospital with another FHA representative to have her husband execute the loan papers and because he instructed her to sign the note and deed without explaining them to her. But Matthews' own pleadings belie her claim--she stated that Woodall acted as her agent in the loan transaction. The district court therefore properly found that Woodall was not acting as an agent for FHA.

Matthews also asserts on appeal that Woodall unduly influenced her because she was under stress as a result of her husband's illness and she placed a great deal of trust in Woodall. But Matthews' forecast of the evidence of undue influence is insufficient because she does not allege that Woodall abused his position of trust to gain from the transaction. See Hardee v. Hardee, 309 S.E.2d 243, 245 (N.C. 1983) (defining undue influence and outlining factors courts consider in undue influence analysis).

Matthews' final claim on appeal is that FHA breached a fiduciary duty owed to her. A debtor-creditor relationship, however, generally does not create a fiduciary relationship, see In re Gertzman, 446 S.E.2d 130, 134 (N.C. Ct. App. 1994). And Matthews' forecast of the evidence--that FHA is a lender of last resort and her conclusory statement that FHA customarily enters a fiduciary relationship with

3

its borrowers--is insufficient to establish the existence of a fiduciary relationship. If there is no fiduciary relationship, there can be no breach of duty. See Estate of Smith ex rel. Smith v. Underwood, 487 S.E.2d 807, 812 (N.C. Ct. App. 1997).

III.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4