**Heather Sue MERCER, Plaintiff,**

v.

**DUKE UNIVERSITY and Fred Goldsmith, Defendants.**

No. 1:97CV00959.

United States District Court, M.D. North Carolina.

Nov. 9, 1998.

Martha Melinda Lawrence, Burton, Craige, Patterson, Harkavy & Lawrence, Raleigh, NC, for Plaintiff.

John M. Simpson, Fulbright & Jaworski, L.L.P., Washington, DC, for Defendants.

## JUDGMENT

TILLEY, District Judge.

For the reasons set forth in the Memorandum Opinion filed contemporaneously with this Judgment, it is ORDERED that Plaintiff Heather Sue Mercer have and recover nothing from Defendants Duke University and Fred Goldsmith on her claim pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* Mercer's claim under Title IX is DISMISSED WITH PREJUDICE pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Given that Mercer's sole federal claim has been dismissed, this Court declines supplemental jurisdiction over Mercer's state law claims for negligent misrepresentation and breach of contract. *See* 28 U.S.C. § 1367(c)(3). Therefore, these state law claims are DISMISSED WITHOUT PREJUDICE. As no further claims remain, it is ORDERED that this case be and the same hereby is DISMISSED.

## MEMORANDUM OPINION

Plaintiff Heather Sue Mercer brought this action against Defendants Duke University and Fred Goldsmith, the head coach of Duke's football team. Mercer alleged that her exclusion from Duke's football team was based upon her gender, amounting to sex discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"). Moreover, she asserted claims under state law for negligent misrepresentation and breach of contract.[1] Defendants have brought a joint Motion to Dismiss the action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.[2] (Def.'s Mot. Dismiss [Doc. # 6].) For the reasons stated below, this Motion is GRANTED as to Mercer's claim under Title IX and that claim will be DISMISSED WITH PREJUDICE. This

---

**1.** Mercer originally asserted a fourth claim for constructive fraud, but filed a motion to amend her complaint by striking that claim in light of a decision of the North Carolina Supreme Court, *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 488 S.E.2d 215 (1997). (Mot. to Amend Compl. [Doc. # 11].) That motion, although apparently accepted without objection by the Defendants, has never been formally ruled upon. Therefore, it should be noted that Mercer's Motion to Amend Complaint [Doc. # 11] is GRANTED.

**2.** The Defendants' Motion also included a Motion to Dismiss the negligent misrepresentation claim for failure to plead the claim with particularity, pursuant to Fed.R.Civ.P. 9(b). (Def.'s Mot. Dismiss [Doc. # 6].) This motion is rendered MOOT by today's Memorandum Opinion and Order.

Court's jurisdiction over Mercer's remaining claims was alleged to be based upon the doctrine of supplemental jurisdiction. (Complaint [Doc. # 1] ¶ 5.) Given that Mercer's sole federal claim has been dismissed, this Court declines supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3). Therefore, Mercer's state law claims for negligent misrepresentation and breach of contract are DISMISSED WITHOUT PREJUDICE. As no further claims remain, this case will be DISMISSED.[3]

## I.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (internal quotation marks omitted). The allegations in the complaint are assumed to be true, and "the facts and reasonable inferences derived therefrom" are construed in the light most favorable to the plaintiff. *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir.1997). In the instant case, no facts can be proved in support of Mercer's claim that would entitle her to relief under Title IX. *See Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir.1991).

## II.

For the purposes of this Motion, the following facts, alleged in Mercer's Complaint, are assumed to be true.

Plaintiff Heather Sue Mercer was a high school All–State place kicker in New York prior to enrolling at Defendant Duke University, in Durham, North Carolina in August, 1994. For two and one-half years, Mercer attempted to join the football team at Duke, but ultimately Duke's head football coach, Defendant Fred Goldsmith, did not allow her to participate as a full member of the team.

From Fall 1994 until early Spring 1997, Mercer regularly attended team practices, practiced kicking with other members of the team, underwent endurance training with the team, and played in a spring, intrasquad scrimmage. However, she was not given a uniform or allowed to participate fully in practice or to play in any intercollegiate games. Moreover, in the Summers of 1995 and 1996, Goldsmith did not allow her to attend Duke's summer football camp, although he did allow male kickers of lesser ability than Mercer to attend.

At times during this period, Mercer was informed by Goldsmith and others that she was "on the team." However, in the Fall 1996, Goldsmith told her finally that there was "no place for her on the team." Despite this statement, Mercer participated in spring endurance training in the early Spring 1997. Finally, in early February 1997, Goldsmith told Mercer that she had "no right" to be there and he told her to leave, which Mercer did.

Mercer alleges that, during her attempts to join the Duke football team, she was treated differently than male players of lesser ability. Furthermore, Mercer alleges that she was not given full and fair consideration for membership on the team because of her gender. In short, according to Mercer, "the defendants have unjustifiably refused, on the basis of [Mercer's] sex, to allow [her] to be a member of the team." (Compl. [Doc. # 1] ¶ 11.) This allegation is assumed to be true for the purposes of this Motion.

## III.

■ Title IX prohibits sex discrimination in educational programs that receive federal funding. 20 U.S.C. § 1681(a).[4] Section 844 of the Education Amendments of 1974 provided that the Department of Health, Education, and Welfare (HEW) would promulgate regulations implementing Title IX generally, "which shall include with respect to intercollegiate athletic activities reason-

---

3. This Dismissal also renders the following Motions MOOT: Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. # 28]; Motion of Defendant Duke University for Summary Judgment [Doc. # 30]; and Motion of Defendant Fred Goldsmith for Summary Judgment [Doc. # 33].

4. For the purposes of this Motion, Mercer alleges, and Defendants' do not dispute, that Duke University is covered by Title IX.

able provisions considering the nature of particular sports." Education Amendments of 1974, Pub.L. No. 93–380, § 844, 88 Stat. 484 (1974). These regulations interpreting Title IX are set forth in 34 C.F.R. § 106.41,[5] and are accorded "appreciable deference." *Cohen v. Brown Univ.*, 991 F.2d 888, 895 (1st Cir.1993); *see Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The degree of deference to regulations is "particularly high in Title IX cases because Congress explicitly delegated to the agency the task of prescribing standards for athletic programs under Title IX." *Cohen*, 991 F.2d at 895.

Subsection 106.41(a) of the implementing regulations sets forth the general principle that:

No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, be treated differently from another person or otherwise be discriminated against in any interscholastic, intercollegiate, club or intramural athletics offered by a recipient, and no recipient shall provide any such athletics separately on such basis.

34 C.F.R. § 106.41(a) (1998). Accepting as true that Mercer was discriminated against on the basis of her sex, as they must under this Motion, the Defendants assert that prohibiting a female from being a member of a male football team falls within the exceptions set forth in subsection (b) of Section 106.41.

Subsection (b) provides that, notwithstanding the general requirements of subsection (a),

a recipient may operate or sponsor separate teams for members of each sex where selection for such teams is based upon competitive skill or the activity involved is a contact sport. However, where a recipient operates or sponsors a team in a particular sport for members of one sex but operates or sponsors no such team for members of the other sex, and athletic opportunities for members of that sex have previously been limited, members of the excluded sex must be allowed to try-out for the team offered unless the sport involved is a contact sport. For the purposes of this part, contact sports include boxing, wrestling, rugby, ice hockey, *football*, basketball and other sports the purpose or major activity of which involves bodily contact.

34 C.F.R. § 106.41(b) (1998) (emphasis added). This "contact sport exception" is "the broadest exception recognized to the overarching goal of equal athletic opportunity." *Williams v. School Dist. of Bethlehem*, 998 F.2d 168, 172 (3d Cir.1993).

■ As football is clearly a "contact sport," a straightforward reading of this regulation demands the holding that, as a matter of law, Duke University had no obligation to allow Mercer, or any female, onto its football team. *Cf. id.* ("The regulation does not preclude a school from maintaining a team for one sex only."); *Cohen*, 991 F.2d at 896 (stating that the regulation recognizes "that an athletic program may consist of gender-segregated teams as long as one of two conditions is met: either the sport in which the team competes is a contact sport or the institution offers comparable teams in the sport to both genders"). This interpretation is confirmed by HEW's final Policy Interpretation of the regulation applicable to athletics: "In the selection of sports, the regulation does not require institutions to integrate their teams nor to provide exactly the same choice of sports to men and women." Title IX of the Education Amendments of 1972; a Policy Interpretation; Title IX and Intercollegiate Athletics, 44 Fed.Reg. 71,413, 71,417–18 (Dec. 11, 1979).[6]

---

**5.** This aspect of HEW's responsibilities was taken over by the Department of Education in 1979, which implemented substantially identical regulations interpreting Title IX at 45 C.F.R. § 86.41. For the sake of convenience, this Opinion cites only to the regulations in 34 C.F.R. § 106.41.

**6.** The case law that supports this reading regarding the effect of Title IX on contact sports is overwhelming. *See, e.g., Barnett v. Texas Wrestling Ass'n*, 16 F.Supp.2d 690, 694 (N.D.Tex.

1998) (holding that a female that was excluded from wrestling matches against males because she is a female does not have a claim under Title IX, because under the regulations, wrestling is the "quintessential contact sport"); *Adams v. Baker*, 919 F.Supp. 1496, 1503 (D.Kan.1996) (stating, in a motion regarding injunctive relief, that "[b]ecause wrestling is a contact sport, Title IX does not require that Valley Center High School allow a female to try out for the boys wrestling team"); *Force v. Pierce City R–VI Sch.*

■ Mercer attempts to avoid this plain reading of the Regulation through two arguments. First, Mercer argues that this "separate teams" regulation does not apply because Duke did not operate a football team only for members of one sex. (Pl. Memo. Opp. Defs.' Mot. Dismiss [Doc. # 13], at 9.) As evidence, Mercer asserts that Duke had no stated policy that only males could participate on the football team. Moreover, by permitting her to try-out, practice, and scrimmage with the team, Mercer contends, Duke chose to permit co-educational participation in a contact sport. Therefore, according to Mercer, "[h]aving made that choice, Duke was bound by Title IX not to discriminate against Mercer on the basis of sex." (*Id.* at 12.) However, even if Duke operated an undeclared co-ed football team initially,[7] Duke would not violate Title IX by determining that it no longer desired to do so. For example, in *Williams,* a male plaintiff attended try-outs for a girls' field hockey team, and was given a uniform, before the school decided that boys would not be allowed to play on a girls' field hockey team. *Williams,* 998 F.2d at 170. The school's change in policy did not effect the Third Circuit's analysis, which focused on whether field hockey could be considered a "contact sport." Even if Duke never officially declared its football team to be all-male before Mercer showed interest in becoming a member, Title IX does not prohibit Duke from subsequently declaring that only males would be allowed to play this contact sport. *See Force v. Pierce City R–VI Sch. Dist.,* 570 F.Supp. 1020, 1024–25 (W.D.Mo.1983) (noting that "Title IX's regulations leave each school free to choose whether co-educational participation in a contact sport will be permitted").

■ Second, Mercer asserts that even though football is a "contact sport," her position of place kicker does not require physical contact. Therefore, according to Mercer, female place kickers should not be denied Title IX's protection. Mercer can cite no prece-

dent for such an interpretation, and this Court will not read a "place kicker" exception into the regulation.

In sum, Mercer's complaint alleges that she was discriminated against because of her gender. However, the regulations implementing Title IX allow Duke University to exclude Mercer from its football team based on gender, because football is a "contact sport" under 34 C.F.R. § 106.41(b). Therefore, Mercer fails to state a claim upon which relief can be granted, and her complaint must be DISMISSED WITH PREJUDICE under Fed.R.Civ.P. 12(b)(6).

## IV.

A district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In light of those interests, the Court explicitly stated that "if the federal law claims are dismissed before trial … the state claims should be dismissed as well." *Id.*

■ Mercer's claims for negligent misrepresentation and breach of contract involve complex state-law issues regarding the relationship between a university and its students. What type of duty does a university owe its students? Does a contract exist between a university and its students, and if so, what is the scope of that contract? Does allowing a student to try-out for an athletic team constitute a representation that the student will be allowed some further right of participation? Such issues are dependant upon the law of North Carolina and are

---

*Dist.,* 570 F.Supp. 1020, 1025 (W.D.Mo.1983) (stating that allowing a female "to compete with males for a place on the [school's] eighth grade football team would no more violate [Title IX's] regulations than would refusing her that opportunity").

7. It should be noted that Mercer's argument along these lines finds slim support in the Complaint, in which she alleges that throughout the relevant period, she "has been the only female student at Duke who has expressed an interest in joining the football team." (Compl. [Doc. # 1] ¶ 10.)

better addressed by North Carolina courts rather than a federal court that has only supplemental jurisdiction over the claims pursuant to a now-dismissed federal claim. Therefore, this Court declines to exercise supplemental jurisdiction, and Mercer's claims for negligent misrepresentation and breach of contract are DISMISSED WITHOUT PREJUDICE.

## V.

For the foregoing reasons, Mercer's claim under Title IX is DISMISSED WITH PREJUDICE, and Mercer's claims for negligent misrepresentation and breach of contract are DISMISSED WITHOUT PREJUDICE. As no further claims remain, this case will be DISMISSED.