**Deann POSEY**

v.

**CALVERT COUNTY BOARD OF EDUCATION, et al.**

No. CIV.A. WMN–02–2130.

United States District Court, D. Maryland.

Jan. 14, 2003.

Francis J Collins, Kahn Smith and Collins PA, Baltimore, MD, for Plaintiff.

W Robert Donovan, Jr., Patrick M. Pilachowski, William J Rosenthal, Shawe and Rosenthal LLP, Baltimore, MD, Harold B Murnane, III, Murnane and O'Neill, Glen Burnie, MD, for Defendants.

### *MEMORANDUM*

NICKERSON, Senior District Judge.

Before the Court is Defendant Gene Rizzo's Motion to Dismiss Plaintiff's Common–Law Claims (Paper No. 20). The motion is ripe for decision. Upon a review of the pleadings and applicable case law, this Court determines that no hearing is necessary (Local Rule 105.6) and that Defendant's motion will be denied.

Plaintiff has been employed as a secretary for Defendant Calvert County Board of Education (the Board) since 1993. In the course of her employment, Plaintiff worked as a secretary for Defendant Gene Rizzo while he was Principal of Calvert Elementary School. On November 10, 2000, Rizzo entered and hid in Plaintiff's

home. After she arrived home that evening, he listened to her conversation with a guest and then sneaked into her bathroom and confronted Plaintiff while she was in the shower. Plaintiff reported these events to Defendant Dr. James Hook, the Board's Superintendent and asked that Rizzo be removed as her supervisor.

Hook removed Plaintiff from her position. Plaintiff alleges that she then endured "pleading phone calls and other unwelcome conduct" from Rizzo while she was at work. Plaintiff claims that Rizzo sneaked up behind her on two separate occasions on or about January 4, 2001, and touched her arms and shoulders, without her consent or permission.

Plaintiff filed this complaint after exhausting her administrative remedies. Plaintiff alleges a hostile environment, sex discrimination (Count I), Section 1983 Civil Rights violation (Count II), Trespass (Count III), Battery (Count IV), Intentional Infliction of Emotional Distress (IIED) (Count V), and Invasion of Privacy (Count VI). In a previous decision, the Court dismissed Count II entirely and Count IV against the Board. Defendant Rizzo now moves to dismiss Counts III, IV, V, and VI arguing that the Court should decline to exercise supplemental jurisdiction over these state law claims.

■ This Court has federal question jurisdiction over Count I, the hostile environment, Title VII claim. Plaintiff's trespass, battery, intentional infliction of emotional distress, and invasion of privacy claims are based on common law and do not raise a federal question. In order for this Court to exercise jurisdiction over those common law claims, the requirements for supplemental jurisdiction under 28 U.S.C. § 1367 must be met. Section 1367 provides:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. (c) The district courts may decline to exercise supplemental jurisdiction over a claim in subsection (a) if—

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, . . .

Pursuant to the standard in section 1367, "[t]he state and federal claims must derive from a common nucleus of operative fact" for the Court to exercise supplemental jurisdiction. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 662 (4th Cir.1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Most federal courts require only a "loose factual connection between the claims" to satisfy the requirement that the claims arise from a common nucleus of operative fact. *Nicol v. Imagematrix, Inc.*, 767 F.Supp. 744, 748 (E.D.Va.1991). In the instant case, Plaintiff's state law claims bear a reasonable factual connection to her Title VII claim because the claims arise from the same acts of sexual harassment allegedly perpetrated by Defendant Rizzo. As such, the Court concludes that it may exercise supplemental jurisdiction over Plaintiff's state law claims.

Defendant Rizzo also argues that Count V, alleging IIED, fails to state a claim upon which relief can be granted and requests that the Court dismiss this claim with prejudice. Def.'s Mot. at 12. A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted unless "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering such a motion, the court is required to accept as true all well-pled allegations in the Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir.1997). "To survive a motion to dismiss, Plaintiff[s] must have alleged facts that show that they are entitled to relief on their substantive causes of action." *In re Criimi Mae, Inc. Securities Litigation*, 94 F.Supp.2d 652, 656 (D.Md.2000).

Plaintiff's IIED claim is based on the November 10, 2000 incident in which Rizzo entered and hid in Plaintiff's home and then confronted her in the bathroom while she was in the shower. Plaintiff alleges that when Rizzo entered her bathroom, he flung open the shower curtain and "had a garment over his arm as if to conceal a gun." Complaint at ¶¶ 28–30. After this incident, Plaintiff alleges that Rizzo continued to harass Plaintiff and caused Plaintiff to endure "severe emotional damage which caused her to lose sleep, to suffer flashbacks, to lose weight, and to seek treatment with counselors and other medical treatment providers." *Id.* at ¶¶ 31–32.

■ Under Maryland law, an IIED claim consists of four elements: 1) the conduct must be intentional or reckless; 2) the conduct must be extreme and outrageous; 3) there must be a causal connection between the wrongful conduct and the emotional distress; and 4) the emotional distress must be severe. *Harris v. Jones*, 281 Md. 560, 566, 380 A.2d 611 (1977). All four elements must be pled in order to survive a motion to dismiss. *See Silkworth v. Ryder Truck Rental*, 70 Md.App. 264, 271, 520 A.2d 1124 (1987).

■ Defendant argues that Plaintiff fails to meet the second and fourth elements of the tort. With respect to the second element, Defendant argues that his conduct was not so extreme and outrageous as to satisfy the element. Def.'s Mot. at 9. The Maryland Court of Appeals has emphasized that the tort of IIED should be used "sparingly" and only to remedy conduct that is " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.' " *Kentucky Fried Chicken Nat'l Mgmt. Co. v. Weathersby*, 607 A.2d 8, 326 Md. 663, 670 (1992) (quoting *Restatement (Second) of Torts* § 46 cmt. d (1965)). The Court finds it difficult to believe that anyone in a "civilized community" would find that sneaking into someone's home, waiting for her to take a shower, and then flinging open the shower curtain while having a garment over his arm as if to conceal a gun is tolerable behavior and within the possible bounds of decency.

■ Further, Defendant argues that "Plaintiff has failed to allege that she has suffered emotional distress that is severe." Def.'s Mot. at 11. Maryland caselaw requires "the plaintiff to show that he suffered a *severely* disabling emotional response to the defendant's conduct." *Harris*, 281 Md. at 570, 380 A.2d 611 (emphasis in original). The intensity and duration of distress are factors a court must consider in determining the severity of the emotional distress. *Id.* In the instant action, Plaintiff alleges that she suffered severe emotional distress, that she lost sleep, suffered flashbacks, lost weight, and had to seek treatment with counselors and other medical treatment providers. Complaint at ¶ 32. The Court concludes that these allegations are sufficient at this stage in the litigation.

For the foregoing reasons, Defendant Rizzo's Motion to Dismiss Plaintiff's Common–Law Claims will be denied. A separate order consistent with this memorandum will issue.

### ORDER

Pursuant to the foregoing memorandum, and for the reasons stated therein, IT IS this    day of January, 2003, by the United States District Court for the District of Maryland, hereby ORDERED:

1. That Defendant Gene Rizzo's Motion to Dismiss Plaintiff's Common–Law Claims (Paper No. 20) is hereby DENIED; and

2. That the Clerk of the Court shall mail or transmit copies of the foregoing memorandum and this order to all counsel of record.