# SUPREME COURT OF THE UNITED STATES

## N. C. P. MARKETING GROUP, INC., PETITIONER
## *v.* BG STAR PRODUCTIONS, INC., ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 08–463.   Decided March 23, 2009

The petition for a writ of certiorari is denied.

Statement of JUSTICE KENNEDY, with whom JUSTICE BREYER joins, respecting the denial of certiorari.

The object of Chapter 11 of the Bankruptcy Code is to empower a debtor with going concern value to reorganize its operations to become solvent once more. In a typical case, the debtor takes on the role of "debtor in possession," 11 U. S. C. §1101(1), allowing it to retain possession and control of its business. A debtor-in-possession operates its business and performs many functions that would fall to the trustee under other chapters of the Bankruptcy Code. §1107(a).

At issue in this petition is the power of a debtor-in-possession to assume executory contracts held by the debtor before bankruptcy. §365(a). Section 365 gives the debtor-in-possession the power to assume—that is, to continue to receive the benefits of, while also continuing to perform its obligations under—the debtor's leases, ongoing performance contracts, and licenses to use the property of others. This power is withdrawn, however, if

> "applicable law excuses a party, other than the debtor, to [an executory contract] from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and . . . such party does not consent to such assumption or assignment . . ." §§365(c)(1)(A)–(B).

According to the Court of Appeals for the Ninth Circuit, this language means that a debtor-in-possession may assume an executory contract only if hypothetically it might assign that contract to a third party. That is to say, if the debtor-in-possession lacks hypothetical authority to assign a contract, then it may not assume it—even if the debtor-in-possession has no *actual* intention of assigning the contract to another. *In re Catapult Entertainment, Inc.*, 165 F. 3d 747 (CA9 1999). The so-called "hypothetical test" is preferred by a majority of the other Courts of Appeals that have addressed this question. See *In re Sunterra Corp.*, 361 F. 3d 257 (CA4 2004); *In re James Cable Partners*, *L. P.*, 27 F. 3d 534 (CA11 1994) *(per curiam); In re West Electronics, Inc.*, 852 F. 2d 79 (CA3 1988).

The hypothetical test is not, however, without its detractors. One arguable criticism of the hypothetical approach is that it purchases fidelity to the Bankruptcy Code's text by sacrificing sound bankruptcy policy. For one thing, the hypothetical test may prevent debtors-in-possession from continuing to exercise their rights under nonassignable contracts, such as patent and copyright licenses. Without these contracts, some debtors-in-possession may be unable to effect the successful reorganization that Chapter 11 was designed to promote. For another thing, the hypothetical test provides a windfall to nondebtor parties to valuable executory contracts: If the debtor is outside of bankruptcy, then the nondebtor does not have the option to renege on its agreement; but if the debtor seeks bankruptcy protection, then the nondebtor obtains the power to reclaim—and resell at the prevailing, potentially higher market rate—the rights it sold to the debtor.

To prevent §365(c) from engendering unwise policy, one Court of Appeals, and a number of Bankruptcy Courts, reject the hypothetical test in favor of an "actual test,"

under which a Chapter 11 debtor-in-possession may assume an executory contract provided it has no actual intent to assign the contract to a third party. See *Institut Pasteur* v. *Cambridge Biotech Corp.*, 104 F. 3d 489, 493 (CA1 1997) (applying the actual test); *In re Catapult*, 165 F. 3d, at 749, n. 2 (collecting Bankruptcy Court decisions favoring the actual test). Of course, the actual test may present problems of its own. It may be argued, for instance, that the actual test aligns §365(c) with sound bankruptcy policy only at the cost of departing from at least one interpretation of the plain text of the law. See *id.,* at 751–755.

The division in the courts over the meaning of §365(c)(1) is an important one to resolve for Bankruptcy Courts and for businesses that seek reorganization. This petition for certiorari, however, is not the most suitable case for our resolution of the conflict. Addressing the issue here might first require us to resolve issues that may turn on the correct interpretation of antecedent questions under state law and trademark-protection principles. For those and other reasons, I reluctantly agree with the Court's decision to deny certiorari. In a different case the Court should consider granting certiorari on this significant question.