Gary Joseph STODDARD and his wife
Patricia Ann Stoddard, Plaintiffs,

v.

WYETH, INC., Schwarz Pharma, Inc.,
Pliva USA, Inc., Defendants.

No. 4:08–CV–173–H.

United States District Court,
E.D. North Carolina,
Eastern Division.

June 24, 2009.

Daniel J. McGlynn, McGlynn & Glisson, APLC, Baton Rouge, LA, P. Jacob Cone, II, Charleston, SC, for Plaintiffs.

Leslie C. O'Toole, Stephen D. Feldman, Ellis & Winters, LLP, Barry S. Cobb, Erin McNeil Young, Yates, McLamb & Weyher, Raleigh, NC, Geoffrey C. Klingsporn, Jeffrey Pilkington, Davis Graham & Stubbs, LLP, Denver, CO, Andrew J. Calica, Henninger S. Bullock, Mayer Brown LLP, New York, NY, Matthew V. Brammer, Tiffany R. Clark, Ulmer & Berne, LLP, Cincinnati, OH, for Defendants.

## ORDER

MALCOLM J. HOWARD, Senior District Judge.

This matter is before the court on defendants' motion to dismiss certain claims [DE # 3, 10] and a motion for summary judgment filed by defendants Wyeth, Inc., ("Wyeth") and Schwarz Pharma, Inc., ("Schwarz") [DE # 40]. Plaintiffs responded to the motion for summary judgment, defendants Wyeth and Schwarz have replied, and the time for further filings has expired.[1] This matter is, therefore, ripe for adjudication.

### STATEMENT OF THE CASE

This is a product liability case in which plaintiffs claim that plaintiff Gary Stod-

---

1. Plaintiffs have not opposed defendants' motion to dismiss.

dard developed tardive dyskinesia, a neurological movement disorder, from his use of the prescription drug metoclopramide, the generic equivalent of Reglan®, Plaintiffs filed this action on July 10, 2008, in the Superior Court of Pitt County, North Carolina. On October 6, 2008, defendant PLIVA, USA, Inc., ("PLIVA") removed the action to this court pursuant to 28 U.S.C. § 1441 based on the court's diversity jurisdiction.

Defendants move to dismiss plaintiffs' strict liability claims (Counts 1–3) for failure to state a claim upon which relief may be granted. Defendants Wyeth and Schwarz also move for summary judgment on all claims raised against them.

## STATEMENT OF THE FACTS

Metoclopramide is a prescription drug approved by the Food and Drug Administration to treat gastroesophageal reflux and certain other conditions. Metoclopramide is available in brand and generic form. Wyeth and Schwarz manufacture and distribute metoclopramide under the brand name Reglan®, and PLIVA manufactures and distributes generic metoclopramide.

Plaintiff Gary Stoddard took generic metoclopramide tablets from approximately July 2000 through July 2005. Stoddard claims that the drug caused him to develop the neurological condition known as tardive dyskinesia. Although plaintiff has taken metoclopramide manufactured by PLIVA, at no point has Stoddard purchased or ingested metoclopramide manufactured by Wyeth or Schwarz.

## COURT'S DISCUSSION

### I. Motion to Dismiss

#### A. Standard of Review

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint, A Rule 12(b)(6) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999) (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir.1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

#### B. Analysis

■ Viewing the facts in the light most favorable to plaintiffs, plaintiffs' strict liability claims (Counts 1–3) fail because North Carolina does not recognize strict liability in product liability cases. *See Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E.2d 504 (1980) (refusing to adopt the rule of strict liability in product liability cases); N.C. Gen.Stat. § 99B–1.1 ("There shall be no strict liability in tort in product liability actions."). The court, therefore, grants defendants' motion to dismiss.

### II. Motion for Summary Judgment

#### A. Standard of Review

Summary judgment is appropriate pursuant to Fed.R.Civ.P. 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)). Summary judgment is not a vehicle for the court to resolve disputed factual issues. *Faircloth v. United States,* 837 F.Supp. 123, 125 (E.D.N.C.1993). Instead, a trial court reviewing a claim at the summary judgment stage should determine whether a genuine issue exists for trial. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505.

In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505. Accordingly, the court must examine "both the materiality and the genuineness of the alleged fact issues" in ruling on this motion. *Faircloth,* 837 F.Supp. at 125.

## B. Analysis

■ Wyeth and Schwarz argue they are entitled to summary judgment on the remaining claims because the metoclopramide that allegedly caused Stoddard's injury was not manufactured or distributed by either of them. Plaintiffs do not dispute that Stoddard has never consumed metoclopramide manufactured by Wyeth or Schwarz but nevertheless argue that Wyeth and Schwarz remain liable because they failed to adequately warn potential consumers of the dangers of metoclopramide. Specifically, plaintiffs argue that Wyeth and Schwarz should be held liable because they created the warning label for Reglan® and it was reasonably foreseeable to them that physicians would rely on that information in prescribing generic metoclopramide to their patients.

The court concludes that there exists no genuine issue of material fact and that Wyeth and Schwarz are entitled to judgment as a matter of law. Plaintiffs' complaint seeks damages for breach of express and implied warranties (Counts 4 and 5), negligence, negligent omission and negligent misrepresentation (Counts 6, 8, and 9), breach of undertaking special duty (Count 7), fraud (Counts 10 and 11), intentional and negligent infliction of emotional distress (Counts 12 and 13), unfair or deceptive trade practices (Count 14), and loss of consortium (Count 15). As they pertain to defendants Wyeth and Schwarz, each of these claims is premised on allegations that Wyeth and Schwarz failed to adequately warn of the dangers of using generic metoclopramide manufactured and distributed by another company. Although cloaked in different theories for recovery, plaintiffs' claims are nevertheless product liability claims. *See* N.C. Gen. Stat. § 99B–1(3) (defining "product liability action" to include **"*any action*** brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formulation ... warning, instructing, marketing, selling, advertising, packaging or labeling of any product") (emphasis added).

In *Foster v. Am. Home Prods. Corp.,* 29 F.3d 165 (4th Cir.1994), the Fourth Circuit, construing Maryland law, rejected the argument "that a name brand manufacturer's statements regarding its drug can

serve as the basis for liability for injuries caused by another manufacturer's drug." In *Foster*, the Fourth Circuit reasoned:

> Name brand manufacturers undertake the expense of developing pioneer drugs, performing the studies necessary to obtain premarketing approval, and formulating labeling information. Generic manufacturers avoid these expenses by duplicating successful pioneer drugs and their labels. Name brand advertising benefits generic competitors because generics are generally sold as substitutes for name brand drugs, so the more a name brand drug is prescribed, the more potential sales exist for its generic equivalents. There is no legal precedent for using a name brand manufacturer's statements about its own product as a basis for liability for injuries caused by other manufacturers' products, over whose production the name brand manufacturer had no control. This would be especially unfair when, as here, the generic manufacturer reaps the benefits of the name brand manufacturer's statements by copying its labels and riding on the coattails of its advertising. The premarketing approval scheme Congress established for generic equivalents of previously approved drugs cannot be construed to create liability of a name brand manufacturer when another manufacturer's drug has been consumed.

*Foster*, 29 F.3d at 170.

This court agrees with the Fourth Circuit's reasoning in *Foster* (and the weight of authority considering this issue) and concludes that under North Carolina law a manufacturer of a brand name pharmaceutical may not be held liable for injuries stemming from the use of another manufacturer's generic bioequivalent.[2] *See Colacicco v. Apotex, Inc.*, 432 F.Supp.2d 514, 540 (E.D.Pa.2006) (noting Foster's "widespread acceptance" and collecting cases either adopting *Foster's* reasoning or citing *Foster* with approval), *aff'd*, 521 F.3d 253 (3d Cir.2008), *vacated on other grounds*, —— U.S. ——, 129 S.Ct. 1578, 173 L.Ed.2d 672 (2009). Because Stoddard never used any product manufactured or sold by Wyeth or Schwarz, plaintiffs are unable to meet their burden of proof as to the claims against either of these defendants.

## CONCLUSION

For the foregoing reasons, the court enters the following orders:

1. Defendants' motion to dismiss plaintiffs' strict liability claims (Counts 1–3) [DE # 3 & 10] is GRANTED; and

2. The summary judgment motion filed by defendants Wyeth and Schwarz [DE # 40] is GRANTED as to all claims against them. Defendants Wyeth and Schwarz shall be dismissed from this action.

Remaining before the court are plaintiffs' claims against PLIVA for breach of express and implied warranties, negligence, negligent omission and negligent misrepresentation, breach of undertaking special duty, fraud, intentional and negligent infliction of emotional distress, unfair or deceptive trade practices, and loss of consortium.

---

2. As a federal court sitting in diversity, the court applies the law of North Carolina law as it now exists. *Foster*, 29 F.3d at 171.