**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-6290**

_____

MARC S. CASON,

                    Plaintiff – Appellant,

        v.

MARYLAND DIVISION OF CORRECTIONS,

                    Defendant – Appellee,

and

CORIZON HEALTH, INC.; BON SECOURS HOSPITAL; DR. BOLAJI
ONABAJO; ASRESAHEGN GETACHEW; DR. LAURENCE H. SCIPIO; DR.
AYOKU OKETUNJI; DR. YONAS SISAY; DR. HIRUY BISHAW,

                    Defendants.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Paula Xinis, District Judge.  (8:20-cv-00692-PX)

_____

Argued:  March 11, 2022                          Decided:  April 11, 2022

_____

Before THACKER, RICHARDSON, and RUSHING, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

**ARGUED:**  Samuel David Kinder Weiss, RIGHTS BEHIND BARS, Washington, D.C.,
for Appellant.  Lisa O'Mara Arnquist, OFFICE OF THE ATTORNEY GENERAL OF

MARYLAND, Baltimore, Maryland, for Appellee. **ON BRIEF:** Brian E. Frosh, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

_____

PER CURIAM:

Marc Cason is a wheelchair-bound paraplegic in the custody of the Maryland Department of Corrections (MDOC). Cason filed a pro se complaint in federal court alleging that facilities within the Dorsey Run Correctional Facility were not wheelchair accessible. Construing these allegations as asserting a cause of action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*., the district court dismissed for failure to state a claim. We affirm.

I.

Cason was incarcerated at Dorsey Run from March 5, 2018, to August 23, 2019. On March 31, 2019, Cason filed an MDOC Administrative Remedy Procedure request. In it, Cason identified specific facilities within Dorsey Run that were not wheelchair accessible, including the penitentiary's:

- showers, which lacked hoses, appropriate grab rails, or adjustable seats;

- toilets, which were not the appropriate height;

- bunks, which lacked appropriate spacing;

- exterior doorways, which had thresholds that were difficult to cross;

- exercise facility, which was on a slope and had loose rocks for a base; and

- day, dining, and visiting room tables, which were the wrong height.

Cason claimed that these deficiencies deprived him of access to programs, services, and activities and requested that (i) accommodations be made within 15 business days; (ii) in the event accommodations could not be provided, a statement of reasons as to why not;

3

and (iii) monetary damages.

On May 21, 2019, the warden responded with MDOC's determination that Cason's administrative request was "meritorious in part." J.A. 14. After an investigation, MDOC had determined that the showers, toilets, bunks, exercise facility, and tables needed improvements to allow better wheelchair access but that the exterior doorways were compliant. The warden stated that Dorsey Run was working with another MDOC division "to expedite the modifications and improvements" of the deficient facilities. J.A. 14. On August 23, 2019, MDOC transferred Cason out of Dorsey Run to a different prison.

Cason filed his federal complaint on March 16, 2020, and attached both his administrative request and the warden's response. Considering the attachments with the complaint, Cason's filing could be construed to request equitable relief in the form of accommodations, return of all good conduct credits, and monetary damages.

The district court granted MDOC's motion to dismiss.[1] As relevant here, the district court reasoned that Cason failed to plausibly plead two elements of his ADA claim: that he was "excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified" and that such exclusion or denial "was based on his disability." *Cason v. Corizon Health Inc.*, No. PX-20-692, 2021 WL 242498, at *5 (D. Md. Jan. 25, 2021) (citing *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 502–503 (4th Cir. 2016)). Cason appealed.

---

[1] Cason does not challenge the district court's judgment disposing of his claims of inadequate medical attention.

4

II.

We review de novo the district court's dismissal, *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997), and may affirm on any basis fairly supported by the record, *Lawson v. Union Cnty. Clerk of Ct.*, 828 F.3d 239, 247 (4th Cir. 2016).[2] We construe Cason's pro se complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and consider attached documents along with the complaint, *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing Fed. R. Civ. P. 10(c)).

Cason requests equitable relief, return of his good conduct credits, and monetary damages. Because his pleadings reveal no legal basis for those remedies, we affirm the dismissal of his complaint.

A.

Cason's request for equitable relief is moot. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). That rule applies here because Cason, having been transferred before he filed his federal complaint, no longer endures the conditions at Dorsey Run and does not stand

---

[2] In its brief, MDOC argued that Cason's claim was barred by the Eleventh Amendment. At oral argument, however, MDOC clarified that it "did not think its sovereign dignity required a ruling on Eleventh Amendment immunity if dismissal could be affirmed on [Rule 12(b)(6)] grounds." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 483 (4th Cir. 2005); *see* Oral Argument at 20:32–21:01. Consequently, because we affirm the dismissal for failure to state a claim, we need not reach MDOC's Eleventh Amendment immunity argument.

to benefit from an injunction requiring accommodations at that facility. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–287 (4th Cir. 2007).

B.

Regarding the return of good conduct credits, we can identify no allegations that those credits were improperly revoked or incorrectly calculated, much less that such action is related in any way to MDOC's alleged failure to accommodate Cason's disability. In any event, a writ of habeas corpus is the sole federal remedy for the deprivation of good conduct credits that would shorten a state prisoner's sentence. *Preiser v. Rodriguez*, 411 U.S. 475, 487–488, 500 (1973).

C.

As for monetary damages, the complaint fails to allege intentional discrimination, which the parties agree a plaintiff must establish to receive damages under the ADA. *See Pandazides v. Va. Bd. of Educ.*, 13 F.3d 823, 830–832 & n.9 (4th Cir. 1994) (holding "intentional discrimination" is required to obtain damages under the Rehabilitation Act); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999) ("The ADA and Rehabilitation Act generally are construed to impose the same requirements due to the similarity of the language of the two acts.").[3] What constitutes intentional discrimination under the ADA is an open question in this Circuit, but the parties agree that Cason must show at least "deliberate indifference," which requires "(1) knowledge that a harm to a

---

[3] The parties also agree that, if Cason cannot obtain non-monetary relief, as we have held he cannot, then his complaint must support a plausible inference of intentional discrimination to avoid dismissal. *See* Oral Argument at 7:08–7:29.

6

federally protected right is substantially likely, and (2) a failure to act upon that likelihood." *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 263 (3d Cir. 2013) (internal quotation marks omitted).

Cason's complaint fails to meet this standard. According to the complaint and attachments, after MDOC received Cason's administrative request, it investigated, admitted the deficiencies, and stated it would "expedite" the necessary improvements. J.A. 14. Nothing in the pleadings takes issue with MDOC's response or suggests that MDOC failed to implement those improvements in a timely manner. Nor do Cason's allegations support any inference that MDOC had knowledge its facilities were inaccessible before receiving Cason's administrative request. Therefore, the complaint does not plausibly allege that MDOC failed to act once it knew of a likelihood of harm.

III.

In sum, Cason's request for equitable relief is moot, and his claims for the return of good conduct credits and monetary damages fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). Accordingly, we affirm the district court's dismissal of his complaint. But because Cason's request for equitable relief was moot at the time the district court ruled, we modify the dismissal of that claim to be without prejudice. *See Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022).

*AFFIRMED AS MODIFIED*

7