Alan H. GASNER, et al., Plaintiffs,

v.

The COUNTY OF DINWIDDIE, et al., Defendants.

Civ. A. No. 3:95CV378.

United States District Court,
E.D. Virginia,
Richmond Division.

July 27, 1995.

Stephen Atherton Northup, Alan Durrum Wingfield, Robert Lawrence Brooke, Mays & Valentine, Richmond, VA, Robert Dean Perrow, Williams, Mullen, Christian & Dobbins, Richmond, VA, and Jonathan Steven Geld-

zahler, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, VA, for plaintiffs.

Kevin Philip Oddo, Herman Alexander Marshall, III, Woods, Rogers & Hazelgrove, Roanoke, VA, Stephen Thomas Gannon, Betty S.W. Graumlich, McSweeney, Burtch & Crump, Richmond, VA, Michael Allen Condyles, Steven Scott Biss, John Sykes Barr, Daniel Allen Gecker, Maloney, Barr & Huennekens, Richmond, VA, Gary Alvin Bryant, Palmer St. Clair Rutherford, Willcox & Savage, Norfolk, VA, Charles Frederick Witthoefft, Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, VA, and Danny Mark Howell and J. Jonathan Schraub, Robins Kaplan Miller & Ciresi, Washington, DC, for defendants.

### MEMORANDUM OPINION

SPENCER, District Judge.

This is a securities fraud case, arising from the dust of large and complex issuance of certain industrial development bonds. The plaintiffs' eighty-plus page Amended Complaint, which exhaustively sets forth their knowledge of these bond dealings, had but one attachment, a copy of a promissory note. On July 6, 1995 three clusters of defendants filed separate motions to dismiss.* As appears to be an increasingly popular practice in this district, the motions filed by the Sands, Anderson defendants and the County defendants were styled in the alternative as motions for summary judgment. They were also anchored down to earth by a considerable volume of documentation.

During the course of their debates over the plaintiffs' motion, which the Court denies by an Order this day filed, the parties have questioned whether the Court may consider these additional documents in deciding the defendants' motions to dismiss. For clarity's sake as the plaintiffs prepare their response to the defendants' motions, the Court issues this Memorandum Opinion to settle the controversy.

I

The function of a motion to dismiss is to test "the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir.1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993). Thus, the standard approach to a motion to dismiss requires the Court to presume that all factual allegations in a plaintiff's complaint are true, *see Puerto Rico ex rel. Quiros v. Alfred L. Snapp & Sons*, 632 F.2d 365 (4th Cir.1980), *aff'd*, 458 U.S. 592, 102 S.Ct. 3260, 73 L.Ed.2d 995 (1982), to make all reasonable inferences in favor of the nonmoving party, *Johnson v. Mueller*, 415 F.2d 354 (4th Cir.1969); *MacKethan v. Peat, Marwick, Mitchell & Co.*, 439 F.Supp. 1090 (E.D.Va.1977), and not to dismiss any count unless it appears beyond a doubt that recovery would be impossible under any set of facts which could be proven. *Doby v. Safeway Stores, Inc.*, 523 F.Supp. 1162 (E.D.Va. 1981); *Austin v. Reynolds Metals Co.*, 327 F.Supp. 1145 (E.D.Va.1970); *see generally Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

A Rule 12(b)(6) motion to dismiss for failure to state a claim does not permit the Court to look outside the complaint, and is thus distinguishable from a challenge to the Court's subject matter jurisdiction, which allows the Court to "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir.1993) (citations omitted); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982); *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F.Supp. 906, 911 (E.D.Va.1994). Indeed, the Rules require that if the Court does consider "matters outside the complaint" it must convert the motion into a motion for summary judg-

---

* Motions were filed by the "Sands, Anderson defendants" (Daniel M. Siegel and Sands, Anderson, Marks & Miller, P.C.,), the "County Defendants" (Dinwiddie County Board of Supervisors, Charles W. Burgess, Jr., Dewey P. Cash-well, and the Dinwiddie County Industrial Development Authority), and the "Carter Kaplan defendants" (Carter Kaplan & Co., L.P., CarKap, Inc., William P. Carter, and Robert R. Kaplan).

ment, affording the parties a "reasonable opportunity to present all material made pertinent to such a motion." Fed.R.Civ.P. 12(b); *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1471 (4th Cir.1991).

That being said, the fighting issue today is what constitutes "matters outside the complaint." More specifically, the question is whether the Court may consider documents not attached to, but referenced in the plaintiffs' Amended Complaint, when testing the legal sufficiency of that pleading. Cases from around the nation suggest that most courts have declared such reliance permissible without converting the motion into one for summary judgment. *See, e.g., Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir.) ("documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered"), *cert. denied,* — U.S. —, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994); *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.1993) (recognizing narrow exception to conversion rule for documents the authenticity of which are not disputed by the parties, official public records, documents central to the plaintiffs' claim and documents sufficiently referred to in the complaint); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993) ("a court may consider an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"), *cert. denied,* — U.S. —, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994); *Venture Assoc. Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429, 431 (7th Cir.1993) (documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim); *Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir. 1991) (conversion not required "[w]here plaintiff has actual notice of all of the information in the movant's papers and has relied upon these documents in framing the complaint"), *cert. denied sub nom. Cortec Indus. Inc. v. Westinghouse Credit Corp.,* 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992); *Teagardener v. Republic–Franklin Inc. Pension Plan,* 909 F.2d 947, 949 (6th Cir.1990)

(complaint's extensive quotation of unattached document permitted court to consider language and interpretation of document when defendant tendered it on motion to dismiss), *cert. denied,* 498 U.S. 1027, 111 S.Ct. 678, 112 L.Ed.2d 670 (1991). The Fourth Circuit, however, has yet to reach this question.

Nevertheless, the issue is squarely before this Court and demands an answer. Finding the great weight of authority persuasive, this Court holds that when a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment. *See* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil,* § 1327, at 762–63 (2d ed. 1990). This ruling encompasses not only documents quoted, relied upon, or incorporated by reference in the complaint, but also official public records pertinent to the plaintiffs' claims. *See Pension Benefit Guar. Corp.,* 998 F.2d at 1197; *Watterson,* 987 F.2d at 3; *Cortec Indus.,* 949 F.2d at 47–48. There is but one limitation: the document must be one of unquestioned authenticity.

## II

In this case, whether the defendants may rely upon particular documentary exhibits is a matter best left for later resolution. For now, at least, the plaintiffs are put on notice that even on the pending motions to dismiss, the scope of the Court's consideration extends well beyond the bare four corners of their Amended Complaint. This holding properly balances the plaintiffs' right to notice of those matters which may be addressed by the Court, and the defendants' right to test swiftly the legal soundness of the charges made against them. As the Third Circuit has noted, to pursue any other tack would risk permitting "a plaintiff with a legally deficient claim [to] survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Pension Benefit Guar. Corp.,* 998 F.2d at 1196.