Tamara **MORGAN**

v.

**GRACO CHILDREN'S PRODUCTS, INC.**

No. CIV.A. DKC2001–2122.

United States District Court, D. Maryland.

Feb. 14, 2002.

Randell C. Ogg, Sherman Meehan Curtin and Ain PC, Washington, DC, for Plaintiff.

Sidney G. Leech, Goodell DeVries Leech and Dann LLP, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this product liability case is the motion of Defendant Graco Children's Products, Inc. ("Graco") to dismiss Count IV of the complaint filed against it by Plaintiff Tamara Morgan pursuant to Fed. R.Civ.P. 12(b)(6). The issues have been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For reasons

---

stated below, the court will grant Graco's motion to dismiss Count IV.

## I. Background

The following facts are uncontroverted or in the light most favorable to Plaintiff. Plaintiff Tamara Morgan is an adult resident of Maryland. Graco is successor in interest to certain liabilities of Century Products Company. In 1998, Plaintiff purchased a "Century 4–in–1, The Adventure" stroller, Model No. SF300MHT from Graco or its predecessor. Complaint, at ¶ 6.

On June 10, 1999, while in Maryland, Plaintiff caught her left index finger in a pinch point on the stroller while attempting to remove it from her car. Her finger was wedged between the latched mechanism and the frame of the stroller. In removing her finger from the stroller, Plaintiff severed the tip of her finger, suffering extreme pain. Complaint, at ¶ 7. She was taken to the emergency room at Suburban Hospital in Bethesda where she was treated for a partially amputated finger. The nerves at the end of her finger were severed or damaged, leaving her finger permanently sensitive and painful to any contact. Plaintiff alleges that this injury caused a substantial permanent disability and impairment to her lifestyle. Complaint, at ¶ 8.

Plaintiff brings the current action under Maryland tort law. Federal jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332, with the amount in controversy exceeding $75,000.

In Count I of her complaint, Plaintiff alleges that Graco was negligent in the design and sale of the Century 4–in 1 stroller, including for failure to warn "of the product's defects and harmful capabilities." Complaint, at ¶ 12. In Count II, Plaintiff alleges that Graco breached implied and express warranties, in part by making representations that the warnings provided were adequate for the safe and proper use of the stroller. In Count III, Plaintiff alleges that Graco is strictly liable under Maryland law for failure to give users adequate warnings about the nature and extent of danger in using the stroller.

Graco brings this motion to dismiss Count IV of the Complaint, which alleges only that Plaintiff failed to fulfill a duty to warn Plaintiff of the dangers of the product. Graco challenges Count IV because it contends that a failure to warn is only an element of other tort causes of actions in Maryland and not an independent cause of action. Therefore, Graco argues, Count IV does not state a claim under which relief can be granted and should be dismissed.

## II. Standard of Review

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All that the Federal Rules of Civil Procedure require of a complaint is that it contain " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Comet Enters. Ltd. v. Air–A–Plane Corp.*, 128 F.3d 855, 860 (4th Cir.1997). In reviewing the complaint, the Court accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir.1997). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir.1969). The court need not, however, accept unsupported legal conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d 870,

873 (4th Cir.1989), legal conclusions couched as factual allegations, *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir.1979).

## III. Analysis

■ In opposition to the motion to dismiss, Plaintiff does not point to any case law or statute that suggests there is an independent cause of action in Maryland for failure to warn. Instead, Plaintiff argues that she should be allowed to bring Count IV under the liberal pleading standards of Fed.R.Civ.P. 8(e)(2) under which plaintiffs can frame alternative theories of liability. However, Rule 8(e)(2) is inapposite here because Plaintiff's claim for failure to warn is not merely duplicative. While federal pleading standards allow Plaintiff, "considerable flexibility in framing [her] pleadings," 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1282, 525 (2d ed.1990), they do not obviate the need for Plaintiff to state a claim upon which relief could actually be granted.

■ As Graco alleges in its motion, the failure to warn is not an independent theory of liability and so stating that it failed to warn with nothing else does not state a claim. *Mazda Motor of America, Inc. v. Rogowski,* 105 Md.App. 318, 324–326, 659 A.2d 391 (1995), discusses the difference between failure to warn brought under strict liability and failure to warn brought under the rubric of negligence. It is clear from this case and others in Maryland that failure to warn as a cause of action only states a claim in the context of forms of tort liability recognized in Maryland. *See Dechello v. Johnson Enterprises,* 74 Md. App. 228, 240, 536 A.2d 1203 (1988) (discussing failure to warn as part of a strict liability or breach of implied warranty ac-

tion). Moreover, Plaintiff does set forth failure to warn as an alternative theory of liability in the context of her negligence, strict liability and breach of warranty claims in Counts I, II, and III and so gains nothing from Count IV.

## IV. Conclusion

Failure to warn only exists as an element of claims of negligence, strict liability and breach of warranty, and Plaintiff does in fact plead it in those contexts. The separate failure to warn count is not only redundant, but without meaning or purpose. Count IV of the complaint will be dismissed under Rule 12(b)(6) for failure to state a claim. A separate order will be entered.