Michael V. SCOTECE, Plaintiff,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, and Aetna Health and Life Insurance Company, Defendants.

No. 2:04CV303.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 22, 2004.

Michael V. Scotece, Chesapeake, VA, Pro Se Plaintiff.

Eric W. Schwartz, Esquire, Kenneth N. Whitehurst, III, Esquire, Troutman Sanders LLP, Virginia Beach, VA, for Defendants.

### OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendants' motion to dismiss for failure to state a claim. For the reasons set forth below, the motion is **DENIED**.

### I. Factual and Procedural History

Plaintiff Michael V. Scotece was employed by defendant Prudential Insurance Company of America ("Prudential") from 1962 through his retirement in September 1990. Plaintiff's health coverage has included reimbursement for prescription medications. On several occasions, plaintiff sought and received reimbursement for prescription medication expenses from Prudential.

In September 2003, plaintiff again submitted prescription bills to Prudential for reimbursement. Prudential returned the bills, and advised plaintiff to resubmit them to defendant Aetna Health and Life Insurance Company ("Aetna"). Defendant Aetna denied the claim, and advised plaintiff to resubmit the bills to Medco Health Solutions, Inc. ("Medco"). Medco also denied the claim, and sent the bills back to Prudential. Prudential once again denied the claim. When plaintiff asked Prudential to reconsider, Prudential advised him to take the matter to court.

On April 14, 2004, plaintiff, proceeding *pro se,* filed a Warrant in Debt against

these defendants in General District Court in the City of Chesapeake, Virginia. The Warrant seeks payment of a debt in the amount of $1,963.68, interest accruing from October 3, 2003, and $37.00 in court costs. On May 14, 2004, defendants removed the action to this court on the basis of federal question jurisdiction. Although the Warrant in Debt did not purport to raise any federal claims, defendants assert that this court has jurisdiction because plaintiff's claims arise out of an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

Also on May 14, 2004, defendants filed the instant motion to dismiss. Defendants' motion included notice as required under Local Rule 7(K), United States District Court, Eastern District of Virginia, and *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975). Plaintiff filed a response on May 24, 2004.[1] Defendants have not filed a reply. Accordingly, the motion is now ripe for review.

## II. Standard of Review

A complaint should not be dismissed pursuant to Rule 12(b)(6) for failure to state a claim unless it appears to a certainty that the nonmoving party cannot prove any set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court must accept the complaint's factual allegations as true and view all allegations in a light most favorable to the nonmoving party. *Leatherman v. Tarrant County Narcotics Intel-*

*ligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). In deciding a motion to dismiss, the court may consider documents that are referred to in the plaintiff's complaint and central to his claims, even if they are not attached to the complaint. *Gasner v. County of Dinwiddie,* 162 F.R.D. 280, 282 (E.D.Va.1995).

## III. Analysis

Defendants seek dismissal of plaintiff's Warrant in Debt ("complaint") on the basis that his claim is preempted by ERISA. In the alternative, defendants seek to dismiss defendant Aetna, arguing that Aetna has no relationship to the controversy alleged. Neither ground for dismissal has merit.

### A. Dismissal of the Complaint

 A defendant may remove a claim from state court to federal court if the claim is one over which the district court has original jurisdiction. 28 U.S.C. § 1441. If original jurisdiction is premised on the existence of a federal question, the general rule is that the federal question must appear in the "well-pleaded complaint." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Because federal preemption is a defense, and therefore does not appear in the complaint, it normally cannot provide a basis for removal jurisdiction. *Id.*

 Applying these principles in the context of the Employee Retirement Income Security Act, the Supreme Court held that "ERISA pre-emption, without

---

1. Although plaintiff's response indicates that it was copied to defendants' counsel, it did not include a certificate of service. Federal Rule of Civil Procedure 5 requires a party to serve a copy of every pleading and every written motion, notice and similar papers on all parties. Service shall be made by mailing or delivering a copy of the document to the party's attorney. Plaintiff is advised that no document submitted by him will be filed or considered by the court unless a certificate with his original signature is attached stating that plaintiff has served a copy of the document on defendants' counsel. The certificate should also show the date and manner of service.

more, does not convert a state claim into an action arising under federal law." *Id.* at 64, 107 S.Ct. 1542. In order to remove a case on the basis of ERISA preemption, the claim must fall within the scope of § 502(a), ERISA's civil enforcement provision. *Id.* at 64–67, 107 S.Ct. 1542. Because a state common law complaint which falls within the scope of § 502(a) is "necessarily federal in character," it is converted into a federal claim for purposes of the well-pleaded complaint rule. *Id.* In short, to remove a state law claim to federal court on the basis of ERISA preemption, the claim must be an ERISA claim in all respects but name.

■ ERISA § 502(a) provides that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Thus, if a participant or beneficiary of an ERISA plan brings an action under state law to recover benefits or enforce rights under the plan, his state court complaint is converted into an ERISA claim which can be removed to federal court.

■ On May 14, 2004, defendants removed plaintiff's case from Chesapeake General District Court to this court, asserting that because "plaintiff's claims arise out of an employee welfare benefit plan, governed by ERISA," the controversy between the parties involves a federal question and invokes this court's federal question jurisdiction. (Notice of Removal ¶ 6.) Having removed on the basis of federal question jurisdiction, defendants now ask to dismiss the complaint on the basis that plaintiff has stated only a state law cause of action which is preempted by ERISA.

Defendants' positions are patently inconsistent. Removal of this case from state to federal court is proper only if plaintiff's claim, while in name made under state law, is in character a claim made under § 502(a) of ERISA. If the case was properly removed and plaintiff's claim is made under ERISA, it is absurd to suggest that the claim is also preempted by ERISA. If, instead, plaintiff's claim is not in character an ERISA claim, removal was improper, and this matter must be remanded to Chesapeake General District Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

From review of the materials before the court, it appears that plaintiff's claim is one under § 502(a) of ERISA. Plaintiff alleges that he was wrongly denied reimbursement for prescription medications within the scope of his health coverage, and he is now seeking compensation. In other words, plaintiff is asserting a claim as a "participant or beneficiary . . . to recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). For obvious reasons, plaintiff's claim under ERISA § 502(a) cannot be dismissed under a theory of ERISA preemption.

## B. Dismissal of Defendant Aetna

■ Defendants argue in the alternative that plaintiff's claim against Aetna should be dismissed because "Aetna bears no relationship with Scotece upon which his claim could be based." (Defs.' Br. in Supp. at 4.) In support of this assertion, defendants have attached to their Brief in Support a document of more than two hundred pages, titled "Retiree Benefits Handbook." (*Id.* Ex. B.) Defendants cite to pages M74 and M75 of the Retiree Benefits Handbook

to support the propositions that "Prudential, not Aetna, is the administrator and sponsor of the Plan," and "prescription drug benefits are administered by Medco Health Managed Care, L.L.C. ('Medco'), not Aetna." (*Id.* at 4.)

Page M75 is a chart listing Medco as the provider of the Retiree Prescription Drug Program, and Aetna HMO as a provider of a National HMO Program. While this information suggests that it may be advisable for plaintiff to add Medco as a defendant in this case, it does not demonstrate to a certainty that plaintiff has no claim against Aetna.

The Retiree Benefits Handbook does not bear plaintiff's signature or otherwise signify that it defines the scope of a legal agreement involving plaintiff. Nor do the cited pages indicate whether the handbook submitted is relevant to the time period in question. Additionally, the cited pages fail to indicate what duties a National HMO Program provider may have in regard to prescription drug reimbursement.

To dismiss Aetna as a defendant based on the material cited, the court would have to draw assumptions resolving these issues in Aetna's favor. The court's duty in deciding a motion to dismiss, however, is to draw all reasonable assumptions in favor of the nonmoving party. Accordingly, the motion must be denied.

#### IV. Conclusion

For the reasons set forth above, defendants' motion to dismiss is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the parties.

**IT IS SO ORDERED.**