**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1378**

CHRISTINE WITTHOHN, d/b/a Green Parrot
Enterprises,

Plaintiff - Appellant,

versus

FEDERAL INSURANCE COMPANY, a corporation;
CHUBB & SON, INCORPORATED, a corporation,

Defendants - Appellees.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston. John T. Copenhaver, Jr.,
District Judge. (CA-04-848)

Submitted: December 16, 2005     Decided: January 31, 2006

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeffrey V. Mehalic, LAW OFFICES OF JEFFREY V. MEHALIC, Charleston,
West Virginia, for Appellant. Thomas V. Flaherty, Tammy R. Harvey,
FLAHERTY, SENSABAUGH & BONASSO, PLLC, Charleston, West Virginia,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Christine Witthohn appeals from the district court's order dismissing her complaint under Fed. R. Civ. P. 12(b)(6) on the basis of res judicata. On appeal, Witthohn contends that the district court erred by considering documents not referred to in the complaint without converting the motion to dismiss into a motion for summary judgment. Witthohn also asserts that her complaint is not barred by res judicata. We affirm.

In 2002, Christine Witthohn filed suit against EZNET in West Virginia state court, alleging that EZNET had breached certain contractual obligations in connection with the creation and development of Witthohn's website. In June 2003, the parties reached a settlement. Pursuant to the settlement, Witthohn executed a "Settlement Agreement and Release" wherein she specifically released "any and all claims that were or could have been asserted" against EZNET and its "insurers and adjusters."

Thereafter, Witthohn filed a motion to amend her complaint to assert claims against Appellees, EZNET's insurers, for violations of the West Virginia Unfair Trade Practices Act ("UTPA") related to their handling of Witthohn's suit against EZNET. The state court denied the motion, determining that any amendment of the complaint would be a "fruitless act" because Witthohn had released any claim it might have against Appellees in the settlement agreement. Witthohn's appeal was denied.

- 2 -

Witthohn then filed the instant action against Appellees in West Virginia state court, again raising UTPA claims. Appellees removed the case to federal court and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the grounds that Witthohn's cause of action was barred by res judicata and collateral estoppel. Appellees attached the following to their motion: the settlement agreement, the state court's orders denying leave to amend and dismissing the action, the order of the West Virginia Supreme Court denying the petition for appeal, and the transcript of the state court motion hearing. After considering these submissions, the district court granted the motion to dismiss, finding that the action was barred by res judicata.

This court reviews a dismissal for failure to state a claim de novo. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Dismissal under Rule 12(b)(6) is inappropriate unless it appears beyond doubt that the plaintiff cannot prove any set of facts to support his or her allegations. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

However, there are exceptions to the rule that a court may not consider any documents outside of the complaint. Specifically, a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed. Alternative Energy, 267 F.3d at 33; see also Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint"); Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint).

Witthohn marshalls no plausible argument that the state court records should not have been reviewed on a motion to dismiss. A district court may clearly take judicial notice of these public records, and Witthohn does not dispute their authenticity. See Blue Tree Hotels v. Starwood Hotels & Resorts, 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss"). Consideration of the settlement agreement is a closer question, since it does not appear to have been filed in the state court action and Witthohn does not explicitly mention it

in her complaint.[1]  However, as discussed below, the fact that Witthohn's complaint is barred by res judicata is evident from review of the state court documents, even without consideration of the settlement agreement.  Thus, the issue of the propriety of the review of the settlement agreement need not be resolved, and the court's consideration of the prior judicial record did not convert Appellees' motion to dismiss into a motion for summary judgment.

A lawsuit is barred by res judicata when three elements have been satisfied: (1) there was a prior final adjudication on the merits; (2) the two actions involve either the same parties or persons in privity with those parties, and (3) the cause of action identified for resolution in the subsequent proceedings either is identical to the cause of action in the first proceeding or is such that it could have been resolved in the prior action, had it been presented.  Slider v. State Farm Mut. Auto Ins. Co., 557 S.E.2d 883, 887 (W. Va. 2001).[2]  Witthohn does not dispute that the first two elements are satisfied; however, she claims that her UTPA claims raised in the present action are substantially different

---

[1]In her complaint, Witthohn states that the state case was settled but does not mention a written agreement.

[2]The issue of whether Witthohn's claim is barred by res judicata is decided by application of West Virginia law.  See Graves v. Associated Transport, Inc., 344 F.2d 894, 896 (4th Cir. 1965) (holding that, when case is presented in federal court solely on the basis of diversity of citizenship, the rights and obligations of the parties is governed by state law); Braxton v. Matthews, 883 F. Supp. 1068 (S.D. W. Va. 1995) (applying West Virginia law on res judicata).

than her claims against EZNET and could not have been brought in that action.

We conclude that Witthohn is focusing on the wrong issue. The issue is not whether the evidence required to prove Witthohn's claims against EZNET is substantially different than that required to prove her claims against the Appellees. Instead, the question is whether the current claim is substantially different from the claim sought to be raised against Appellees in Witthohn's motion to amend in state court. That question is easily resolved, because Witthohn does not dispute that her current complaint and her motion to amend raise the same cause of action.

The denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action. Professional Mgmt. Assocs. v. KPMG, 345 F.3d 1030, 1032 (8th Cir. 2003). Thus, denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading. Id. This is so even when denial of leave to amend was legally or factually erroneous. Conley v. Spillers, 301 S.E.2d 216, 219 (W. Va. 1983). The parties do not dispute that the UTPA claim in the motion to amend is identical to the UTPA claim raised in the present lawsuit. Thus, the state court's denial of leave to amend on the basis of the settlement agreement bars the filing of the same pleading in this lawsuit.

Accordingly, the district court properly found the present suit barred by res judicata.

Thus, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>