IN THE UNITED STATES DISTRICT COURT 
 FOR THE EASTERN DISTRICT OF VIRGINIA 
 Richmond Division 
RICHARD M. SIMPSON, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) Civil Action No. 3:22-cv-745—-HEH 
 ) 
CITY OF FREDERICKSBURG, et al.) 
 ) 
 Defendants. ) 
 MEMORANDUM OPINION 
 (Granting Defendants’ Motions to Dismiss & 
 Granting Plaintiff Leave to Amend) 
 This matter is before the Court on Defendants City of Fredericksburg; Yvonne J. 
Nageotte; and Nageotte, Nageotte, Nageotte, PC’s (collectively, the “Defendants” 
Motions to Dismiss (the “Motions,” ECF Nos. 8, 12), filed on January 18, 2023, and 
February 2, 2023, respectively. On November 30, 2022, pro se Plaintiff Richard M. 
Simpson (“Plaintiff”) filed a Complaint (ECF No. 1) alleging a myriad of claims.! 
Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants seek to dismiss all of 

I Plaintiff filed his Complaint pro se and did not disclose to the Court that he is a licensed 
attorney. However, according to the Washington State Bar Association, Plaintiff is a licensed 
attorney in the state of Washington. (Defs.” Mem. in Supp. at 1, ECF No. 13); Washington State 
Bar Association Legal Directory, Legal Profile for Richard M. Simpson, 
https://www.mywsba.org/PersonifyEbusiness/LegalDirectory/LegalProfile.aspx?Usr_ID=000000 
053162 (last visited March 7, 2023). 
 Accordingly, Plaintiff “is not entitled to the liberal construction of pleadings ordinarily 
afforded to pro se litigants.” Gordon v. Gutierrez, No. 1:06cv861, 2006 WL 3760134, at *1 n.1 
(E.D. Va. Dec. 14, 2006). Other Circuit Courts of the United States Courts of Appeals have also 
drawn a distinction between pro se attorneys and other pro se parties. See Rashad v. Jenkins, 
No. 3:15cv655, 2016 WL 901279, at *3 (E.D. Va. Mar. 3, 2016) (collecting federal circuit court 
cases). 

Plaintiff's claims for failure to state a claim. (Defs.’ Mem. in Supp at 7.)* The parties 
have submitted memoranda supporting their respective positions. The Court will 
dispense with oral argument because the facts and legal contentions have been adequately 
presented to the Court, and oral argument would not aid in the decisional process. See 
E.D. Va. Local Civ. Rule 7(J). For the following reasons, Defendants’ Motions will be 
granted as to all claims. 
 I. BACKGROUND 
 As a threshold matter, Plaintiff's Complaint is devoid of any real factual 
allegations. As best as this Court can construe, Plaintiff's only real factual assertion is as 
follows, “City of Fredericksburg, at the direction of lawyer Yvonne Nageotte, arrested 
and incarcerated Plaintiff without trial, without bail, without due process, against his will, 
negligently, maliciously, fraudulently, and in an abuse of power, violating Plaintiff's 
Constitutional Rights.” (Compl. § 3.3.) The rest of Plaintiff's Complaint is comprised of 

a laundry list of twenty-three (23) “Causes of Action” essentially stating that “the acts 
and omissions of Defendant(s)” constitute violations of either state or federal law. (See 
Compl. {4 3.1-3.23.) Although not provided in the Complaint, Defendants allege that 
Plaintiff's lawsuit stems from an ongoing Virginia state court custody and visitation 
dispute in which attorney Yvonne Nageotte and her law firm represent Plaintiff's wife. 
(Defs.’ Mem. in Supp. at 1.) Plaintiff's purported false arrest stems from an alleged 

2 For simplicity, because Defendants assert essentially the same arguments as the basis for their 
Motions, the Court will only reference ECF No. 13 in citing Defendants’ position.

violation of a protective order that was entered against him as a part of the Virginia state 
court litigation. (/d. at 1-3.) 
 Il. LEGAL STANDARD 
 A Rule 12(b)(6) motion “does not resolve contests surrounding facts, the merits of 

a claim, or the applicability of defenses.” Tobey v. Jones, 706 F.3d 379, 387 (4th Cir. 
2013) (quoting Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). 
“A complaint need only ‘give the defendant fair notice of what the . . . claim is and the 
grounds upon which it rests.’” Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020) 
(alteration in original) (quoting Tobey, 706 F.3d at 387). However, a “complaint must 
provide ‘sufficient factual matter, accepted as true, to state a claim to relief that is 
plausible on its face.’” Turner v. Thomas, 930 F.3d 640, 644 (4th Cir. 2019) (quoting 
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). “Allegations have facial plausibility ‘when 
the plaintiff pleads factual content that allows the court to draw the reasonable inference 
that the defendant is liable for the misconduct alleged.’” Tobey, 706 F.3d at 386 (quoting 
Iqbal, 556 U.S. at 679). However, a court “need not accept legal conclusions couched as 
facts or unwarranted inferences, unreasonable conclusions, or arguments.” Turner, 930 
F.3d at 644 (quoting Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012)). 
 A court may consider a document not attached to the complaint, when “the 
document [is] integral to the complaint and there is no dispute about the document’s 
authenticity.” Jd. at 166. “[I]n the event of conflict between the bare allegations of the 
complaint and any exhibit attached, . . . the exhibit prevails.” Jd. (alteration in original) 
(quoting Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991)).

A court may also “consider public records, documents central to plaintiff's claim, and 
documents sufficiently referred to in the complaint so long as the authenticity of these 
documents is not disputed.” Witthohn v. Fed. Ins. Co., 164 F. App’x 395, 396 (4th Cir. 
2006); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). 
In considering a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, 
and the complaint is viewed in the light most favorable to the plaintiff. Nemet Chevrolet, 
Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions 
enjoy no such deference. /gbal, 556 U.S. at 678. 
 III. DISCUSSION 
 Defendants assert that Plaintiff has failed to meet both the Jgba/ and Twombly 
pleading standards, as well as the Rule 12(b)(6) standard because his Complaint only 
makes conclusory allegations and naked assertions. (Defs.’ Mem. in Supp. at 7.) 
Conversely, Plaintiff asserts that he has complied with the pleading standards under the 
Federal Rules of Civil Procedure and that any deficiencies can be “plainly construed to 
do justice.” (Pl.’s Resp. in Opp’n at 2, ECF No. 20 (citing Fed. R. Civ. P. 8(e)).) 
 Plaintiff is correct in stating that Federal Rule of Civil Procedure 8(a)(2) requires a 
“short and plain statement of the claim showing that the pleader is entitled to relief.” 
(PI.’s Resp. in Opp’n at 2.) He is also correct in stating that Rule 8(e) states that 
“[p]leadings must be construed so as to do justice.” (/d.) However, Plaintiff wholly 
neglects to acknowledge all other requirements governing pleadings in federal courts. 
Iqbal clearly outlines that “[a] pleading that offers ‘labels and conclusions’ or ‘a 
formulaic recitation of the elements of a cause of action will not do.’” Jgbal, 556 U.S. at

678 (citing Twombly, 550 U.S. at 555). Plaintiff's Complaint is simply a laundry list of 
formulaic recitations of the elements of twenty-three causes of action.’ 
 Paragraph 3.3 is the only factual allegation contained in the Complaint. Again, it 
states “City of Fredericksburg, at the direction of Yvonne Nageotte, arrested and 
incarcerated Plaintiff without trial, without bail, without due process, against his will, 
negligently, maliciously, and in an abuse of power, violating Plaintiff's Constitutional 
Rights.” (Compl. | 3.3.) This allegation is the exact “‘naked assertion[s]’ devoid of 
‘further factual enhancement’” that the United States Supreme Court held does not 
survive a 12(b)(6) motion. Jgbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). 
Plaintiff simply provides no other factual content whatsoever to support any of his causes 
of action. As mentioned previously, as a licensed attorney in Washington State, Plaintiff 
is not entitled to the liberal construction ordinarily afforded to pro se litigants. 
Notwithstanding, even assessed under the normal liberal pro se standard and construed 
under Rule 8(e), Plaintiffs Complaint still does not state facts sufficient to survive a Rule 
12(b)(6) motion. 
 Plaintiff asserts that Defendants’ Motions are based on “both blatantly false 
testimony and contradictory statements.” (Pl.’s Resp. in Opp’n at 2.) Thus, Plaintiff 
argues the Court “may not dismiss [the] action.” Jd. However, Plaintiff points to no 
evidence whatsoever of false testimony or contradictory statements made by Defendants. 

3 As an example, paragraph 3.4 of the Complaint states, “[t]he acts and omissions of the 
Defendant(s) constitute the tort of false imprisonment for which the Defendant(s) are liable.” No 
other factual enhancement was provided.

Balnkaseste roftil iloengcsao ln danudfac ltas cec uswaitntoihfa oc ntlsu a
supplemenwtinaltotls i uoftnfiso ca evt ehC eom plafrionmdt im sissAasel iv.d enbcye d 

DefendaEnxhibtis,tt' hs ewrasae v a idl proteoe drcetinrip vlaacgea Pilnasithne tw ia ffs, 
founindv iolaotfthi aootrn d anedar r,er sdta nedhe lwdi thboounbtdyt hsete a t
magisjdtugre (a.rPtoetti evOcer daet1r3 - E,CFN o. 13-A5r;r Wearrsatn att1-s 2 E,C F 
No.s1 3-136-,I7 n;c iRedpeonartt1-t 7E ,CF N o1.3 -B8a.s)oe ntd sh e iivdenect,h ere 
wasa b asfoiras n alyl eargrebed yst hteC iotyfF e rdicekrsbaun rdtg fah,ce oefth e 

incirdeepnpotlr atsistn althtyta Pe lsa iswn itfein,foY ftvo nnNaeg eostotutehg,ehar tre st 
warroanhne t orsw n(I.n ctiR deepnao3tr5, t. T)he erforet,h einrsoe fa cutabals is 
allegaet adl tols u ppPolrati nctliafaifgimnsassD te nfedtasn. 
 AccordDienfegnldsyaM',no tti(oEnCNsoF s 8.,1 ) 2w iblegl r anantde d, 

PltaififCnsom plawiilnblted s imissweidthu opter judHiocwee.vt ehCreou, rt b leieves 
Plaidenestrivaffne ost ahtetret amomp ptl thiefafy c atalun dl egbsaailus p ownhic hh is 
clareis.mtT hserefotrhCeeo, uw ritgrl aln Ptl ailenattvifioeffe l a na medendcm oplaint 
wit thhiirty(n 03 )daoyftsh eeny tofrth ea ccompOarnd yPeilrna.gi hnotwiefivf,se r, 
warntehdt faa iltifionl gaet imaemleyn cdmoepdl athitacn motp ielswi tthh Feee dral 

RuloefCs i vPirlo ceanddthu eprle ea dsiatnndga grodvse rnfedienrcgao lum ratrysse ,u lt 
inth edi smioshfs i aasclt wiiho tpnr ejuThdeCi ocuewr.ita ls lloe nteanrytm aoitni ons 
for attornefeye sss'h oaunlfiydl aemde neddc moplabiedn ete mfreidv olous. 
 Ana pproOprrdwieiaralt clec omtphMaine 11!sy �r � nion. 
DatM eo.n; : \� 2 
 61.3 
 -�_-_1-- 
 ..a..;;l 
 / s__ _�__;.;.._ r-- 
 11 _ 
RichmVoinrdg,i nia HenEry.H udson 
 SeniorS tUaDntiieststJe rudid cgte